AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means  ☑ Original  ☐ Duplicate



CLERK'S OFFICE
A TRUE COPY
Oct 26, 2022
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of  )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 22-M-584 (SCD)
A black ANS Flip phone (MPD Inventory #22033885, Item #1) )
and a black Motorola smart phone (MPD Inventory )
#22033885, Item #2); stored in the Milwaukee Police )
Department Property Bureau, Milwaukee, WI 53233. )

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the ____Eastern____ District of ____Wisconsin____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before ____11-9-22____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.  ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ____Hon. Stephen Dries____.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ____ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of ____.

Date and time issued: ____10-26-22 8:55 am____

*Judge's signature*

City and state: ____Milwaukee, WI____  Hon. Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

| Return |||
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : |||
| Inventory of the property taken and name(s) of any person(s) seized: |||

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

## Property to Be Searched

1. The property to be searched is described as follows:

    a. a black ANS Flip phone (MPD Inventory #22033885, Item #1); and

    b. a black Motorola smart phone (MPD Inventory #22033885, Item #2).

2. The devices are currently stored in the Milwaukee Police Department Property Bureau, Milwaukee, WI 53233. This warrant authorizes the forensic examination of the devices for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

## Particular Things to be Seized

1. All records, information, and items on the Devices described in Attachment A related to violations of Title 18, United States Code, Sections 922(g)(1), 924(c), and 924(a)(8), and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) involving Tajuan GREEN, stored in the devices as of September 13, 2022, including:

   a. any information related to possession of firearms or ammunition (including photographs, text messages, emails, or any other communication information);

   b. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   c. GPS information and any other location service data from the phone and/or from any downloaded applications;

   d. Internet search history and browser history related to firearms or location searches;

   e. call history;

   f. contact list, to include names, addresses, phone numbers, and/or email addresses;

   g. any video and/or photograph(s) on the phone related to firearms and/or controlled substances;

   h. any text messages exchanged or drafted that seem to relate to firearms, controlled substances, and/or other criminal activity;

   i. lists of customers and related identifying information;

   j. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

k. any information recording GREEN's schedule or travel; and

l. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage and any photographic form.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin



CLERK'S OFFICE
A TRUE COPY
Oct 26, 2022
s/ JDH
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>A black ANS Flip phone (MPD Inventory #22033885, Item #1) and a black Motorola smart phone (MPD Inventory #22033885, Item #2); stored in the Milwaukee Police Department Property Bureau, Milwaukee, WI 53233. | Case No. 22-M-584 (SCD) |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the     Eastern     District of     Wisconsin     , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
    ☑ evidence of a crime;
    ☑ contraband, fruits of crime, or other items illegally possessed;
    ☐ property designed for use, intended for use, or used in committing a crime;
    ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC §§ 922(g)(1), 924(a)(8), and 924(c); 21 USC §§ 841(a)(1) and 841(b)(1)(C). | Felon in possession of a firearm; use of a firearm during drug trafficking; and possession with intent to distribute controlled substances. |

The application is based on these facts:
See attached Affidavit.

    ☐ Continued on the attached sheet.
    ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____ )* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*
BRADLEY KURTZWEIL *Digitally signed by BRADLEY KURTZWEIL Date: 2022.10.25 14:56:33 -05'00'*

Bradley Kurtzweil, ATF SA
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
    telephone      *(specify reliable electronic means)*.

Date: 10/26/2022

*Judge's signature*

City and state: Milwaukee, WI      Hon. Stephen C. Dries, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Bradley Kurtzweil, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the search of property, a cellular telephone, which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am a Special Agent of the United States Justice Department, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), currently assigned to the Milwaukee Field Office. I have been so employed since March 2020. My duties with ATF include investigating alleged violations of the federal firearms, explosives, and arson statutes.

3. I completed approximately 26 weeks of training (approximately 1000 hours) at the Federal Law Enforcement Training Center (Glynco, Georgia) and ATF's National Academy. The training included courses related to constitutional law and search and seizure. I also received training on conducting criminal investigations, including interviews, surveillance, and evidence collection.

4. Prior to joining ATF, I was a sworn Police Officer in the State of Illinois from March 2011 to March 2020. I completed 12 Weeks (approximately 480 hours) of basic training at the Illinois State Police Academy from April 2011 to June 2011.

5. My most recent position was with the Bolingbrook Police Department in Bolingbrook, Illinois, where I was a Patrol Officer from December 2012 until March 2020. From

1

July 2017 until March 2020, I also served as an Evidence Technician, assigned to Patrol. During my time in Bolingbrook, I received eight Written Recognitions and two Commendations.

6. During my career as a Police Officer, I attended approximately 520 hours of additional training in areas including evidence collection, interview/interrogation, arson and explosives, gang investigations; and drug investigations.

7. The information below is known to me through my personal knowledge, training, and experience, and through information provided to me by other law enforcement officers, who have provided information to me during their official duties and whom I consider to be truthful and reliable.

8. I submit this affidavit for the limited purpose of demonstrating sufficient probable cause for the requested warrant. It does not set forth all of my knowledge about this matter.

9. Based on the circumstances described below, there is probable cause to believe that on or about September 13, 2022, Tajuan D. GREEN, born xx/xx/1996, has committed firearm and controlled substances offenses in the Eastern District of Wisconsin, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8) (felon in possession of a firearm) and 924(c) (use of a firearm during drug trafficking), and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) (possession with intent to distribute controlled substances).

## DEFINITIONS

10. The following definitions apply to the Affidavit and Attachment B of this Affidavit:

   a. "Cellular telephone" or "cell phone" means a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with

2

other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books"; sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may include geolocation information indicating where the cell phone was at particular times.

b. The terms "records," "documents," and "materials" include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including writings and drawings), photographic form (including prints, negatives, videotapes, motion pictures, and photocopies), mechanical form (including printing and typing) or electrical, electronic or magnetic form (including tape recordings, compact discs, electronic or magnetic storage devices such as hard disks, CD-ROMs, digital video disks ("DVDs"), Personal Digital Assistants ("PDAs"), Multi Media Cards ("MMCs"), memory sticks, smart cards, or electronic notebooks, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

c. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a

3

variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

d. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

e. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits

by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

f. PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

g. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed

properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

h. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

i. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

**IDENTIFICATION OF THE DEVICE TO BE EXAMINED**

11. The property to be searched is described as follows:

    a. a black ANS Flip phone (MPD Inventory #22033885, Item #1); and

    b. a black Motorola smart phone (MPD Inventory #22033885, Item #2).

Both devices are currently in custody of the Milwaukee Police Department Property Bureau.

6

**PROBABLE CAUSE**

12. On September 13, 2022, officers with the Milwaukee Police Department (MPD) were looking for a blue Honda Accord, bearing Wisconsin registration APD6448, knowing that the registered owner of the vehicle was wanted for Robbery of a Financial Institution. MPD detectives located the Honda Accord and conducted surveillance of the vehicle until it parked at a gas station located at 9622 West Fond du Lac Avenue in Milwaukee.

13. Detectives observed a black male, with similar appearance and build to the registered owner of the Accord, exit the driver's side of the vehicle and enter the convenience store.

14. Officers entered the store and observed the subject to have a gun in his sweatshirt front pocket. The subject was detained and identified as Tajuan GREEN.

15. It was determined GREEN was not the registered owner of the vehicle, who was wanted, but was a cousin of the registered owner. The firearm recovered from GREEN's pocket was a black Smith & Wesson, model M&P Shield, .380 caliber semi-automatic handgun, bearing serial number RDV3170, loaded with 9 rounds of ammunition, including a round in the chamber.

16. Law enforcement learned GREEN was previously convicted of multiple felonies, including Hobbs Act Robbery and Brandishing a Firearm during a Crime of Violence, in Eastern District of Wisconsin Case No. 15-CR-136. GREEN was currently on state probation, and a warrant had been issued by Wisconsin Probation and Parole.

17. An ACT 79 search was executed on the vehicle and the following items were recovered:

    a. a knotted sandwich baggie containing a white chunky substance which was suspected cocaine located in the driver's side door handle;

b. a knotted sandwich baggie containing a white powdery substance which was suspected cocaine located in the driver's side door handle;

c. a knotted sandwich baggie containing an off-white chunky substance which was suspected heroin located in the driver's side door handle;

d. a digital scale on the front passenger seat with white a powdery substance on the pressure plate;

e. a box of clear sandwich baggies; and

f. two cell phones on the front passenger seat, further described as a black ANS Flip phone (MPD Inventory #22033885, Item #1) and a black Motorola smart phone (MPD Inventory #22033885, Item #2).

18. Law enforcement tested the suspected cocaine to the Nark II#7 test and received a positive result for cocaine and weighed approximately 3.3 grams.

19. The suspected heroin was tested using the Nark II#11 and tested positive for opiates and fentanyl and weighed approximately 1.9 grams.

20. Based on the weight of the drugs, the packaging, the box of sandwich baggies, the presence of a firearm, multiple cell phones, and a digital scale, it appears the narcotics were for distribution and not personal use.

21. ATF Milwaukee became aware of the details of GREEN's arrest and the device's existence and location on October 24, 2022.

**ELECTRONIC STORAGE AND FORENSIC ANALYSIS**

22. Based on my training and experience, I know that most cellular devices have capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on

devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device. Furthermore, I know that cellphones can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

23. Forensic evidence. As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described in the warrant, but also forensic evidence that establishes how the device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the device because:

24. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

25. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

26. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

27. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information

9

stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

28. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

29. Nature of examination. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

30. Manner of execution. Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## ATTACHMENT A

### Property to Be Searched

1. The property to be searched is described as follows:

    a. a black ANS Flip phone (MPD Inventory #22033885, Item #1); and

    b. a black Motorola smart phone (MPD Inventory #22033885, Item #2).

2. The devices are currently stored in the Milwaukee Police Department Property Bureau, Milwaukee, WI 53233. This warrant authorizes the forensic examination of the devices for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

## Particular Things to be Seized

1. All records, information, and items on the Devices described in Attachment A related to violations of Title 18, United States Code, Sections 922(g)(1), 924(c), and 924(a)(8), and Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) involving Tajuan GREEN, stored in the devices as of September 13, 2022, including:

   a. any information related to possession of firearms or ammunition (including photographs, text messages, emails, or any other communication information);

   b. any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   c. GPS information and any other location service data from the phone and/or from any downloaded applications;

   d. Internet search history and browser history related to firearms or location searches;

   e. call history;

   f. contact list, to include names, addresses, phone numbers, and/or email addresses;

   g. any video and/or photograph(s) on the phone related to firearms and/or controlled substances;

   h. any text messages exchanged or drafted that seem to relate to firearms, controlled substances, and/or other criminal activity;

   i. lists of customers and related identifying information;

   j. types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

12

k.  any information recording GREEN's schedule or travel; and

l.  all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

3. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of electronic storage and any photographic form.